SARAH A. KLINE, DEFENDANT IN ERROR, v. JOHN WILLIAMS ET AL., PLAINTIFFS IN ERROR.

Submitted December 5, 1902—Decided February 24, 1903.

In an action of ejectment, where the whole claim of the plaintiff, by his declaration, is demand of possession of the *locus in quo,* alleging that he has been wrongfully deprived thereof by the defendants, there can be no recovery of damages for mesne profits, the statute (*Gen. Stat., p.* 1289, § 45) requiring that, in order to hold defendants for use and occupation after forfeiture, claim therefor should be made in the declaration.

---

In ejectment. On error to the Atlantic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiffs in error, *Harry Wootton* and *William I. Garrison.*

For the defendant in error, *Allen B. Endicott.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought by the defendant in error, the plaintiff below, to recover possession of certain premises in the city of Atlantic City, leased by her to the defendant Williams for a term extending from the 13th day of June, 1901, to the 23d day of September of the same year. In and by the lease between the parties, which

was in writing, the defendant covenanted not to assign it, nor to underlet the premises leased thereby, nor to permit any person or persons to occupy the same, or any part thereof; and it was provided in the lease that, if default should be made in any of its covenants, then it should be void, and that the plaintiff should have a right, without notice, to re-enter the said premises and remove all persons therefrom, or to proceed by action for the recovery of the possession thereof.

It appeared from the evidence submitted by the plaintiff, and it was not denied by the defendants, that, during the term, and about August 15th, the defendant Williams and his family moved out of the premises, and the defendant Welsh and his family, by the permission of Williams, moved in and occupied the same; and that the latter continued in possession thereof until the commencement of this suit. This was in direct violation of one of the covenants of the lease, and, by the express terms of that instrument, worked a forfeiture, and entitled the plaintiff to re-enter.

It was proper, therefore, for the trial judge to direct the jury to find, by their verdict, that the plaintiff was entitled to recover possession of the premises.

In addition to the evidence already alluded to, the plaintiff offered testimony showing that the rental value of the premises during the period of possession by the defendant Williams was $301. No contradictory evidence being offered on behalf of the defendants, the trial judge charged the jury to assess damages, in favor of the plaintiff and against the defendants, in the amount mentioned for use and occupation. The question of liability for use and occupation was not within the issue raised by the pleadings. By her declaration the plaintiff demanded possession of the *locus in quo,* alleging that she was wrongfully deprived thereof by the defendants; and this was her whole claim. If she had desired to hold the defendants for the use and occupation of the premises after the forfeiture had been incurred, the statute required that she should make claim therefor in her declaration. *Ejectment act, Gen. Stat., p.* 1289, § 45; *Supreme Court Rule* 85. Not having done this, it was error for the trial judge to direct the jury

to assess damages against the defendants for mesne profits. As this is assigned for error, the judgment under review should be reversed.